UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DUNG TRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-2127-JDT-tmp |
| ) | |
| AMY P. WEIRICH, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On February 23, 2015, Plaintiff Dung Tran ("Tran"), who is currently an inmate at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In response to the Court's order, Tran filed a motion to proceed *in forma pauperis* on March 9, 2015. (ECF Nos. 3 & 4). In an order issued March 10, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the defendants as Amy P. Weirich and Mary Thompson.

I. The Complaint

Trans's complaint alleges that on July 24, 2012, Mary Thompson was the foreperson on his grand jury; however, he contends that she was dead at the time the grand jury convened meaning that her name on the indictment was forged. (Compl. at 2, ECF No. 1.) Further, Tran alleges that on April 5, 2012, Defendant Weirich made a second indictment with the same

charge. (*Id.*) Trans alleges that both indictments are invalid resulting in the violation of his Constitutional rights and wrongful incarceration. (*Id.*)

Tran seeks his immediate release as well as monetary compensation for his pain and suffering. (*Id.* at 3.)

II. Analysis

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without

some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R.

Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.   § 1983 Claim

Tran filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

   1.   *Statute of Limitations*

The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985) (same). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 8-3-104(a). *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986). Tran's claims arise from the alleged indictments from 2012, three years before filing this complaint, thus, the claims fail to arise during limitations period in Tennessee.

2. *Claims against Defendant Weirich*

Additionally, Tran cannot sue Defendant Weirich for money damages arising from the institution of criminal proceedings against him. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Tran's claim for money damages against Defendant Weirich for these activities is barred by absolute prosecutorial immunity. *Id.* at 427-28; *Burns v. Reed*, 500 U.S. 478, 490-492 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). Therefore, she cannot be sued for malicious

prosecution. *O'Neal v. O'Neal*, 23 F. App'x 368, 370 (6th Cir. 2001); *see also Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004) (noting that "prosecutors are absolutely immune from many malicious prosecution claims"); *Roybal v. State of Tenn. Dist. Attorney's Office*, 84 F. App'x 589 (6th Cir. 2003).

3. *Release from Conviction*

Any claims arising from Tran's conviction are barred by *Heck v. Humphrey*, in which the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed.2d 383 (1994)(footnotes omitted). *See also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995)(same)(footnotes omitted). Tran has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. *Heck*, 512 U.S. at 481-82, 114 S. Ct. 2369-70; *Schilling*, 58 F.3d at 1086.

Here, *Heck* applies to bar Tran's claims arising from his criminal prosecution and conviction. Tran must have his conviction overturned on direct appeal or via collateral attack before any claims can accrue.

The Court expressly declines to address the complaint as a habeas petition because Tran cannot demonstrate that he has exhausted his state remedies. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. *See*, *e.g.*, *Granberry v. Greer*, 481 U.S. 129, 133-34, 107 S. Ct. 1671, 1674-75, 95 L. Ed.2d 119 (1987); *Rose v. Lundy*, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201-02, 71 L. Ed.2d 379 (1982). *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. *Preiser*, 411 U.S. at 477, 489-90, 93 S. Ct. 1830, 1836-37. Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

For the foregoing reasons, Tran's complaint is subject to dismissal in its entirety for failure to state a claim on which relief can be granted.

### III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically

7

must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

## IV. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

## V. Conclusion

The Court DISMISSES Tran's complaint as to all Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to Amend is DENIED because the deficiencies in Tran's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                    **s/James D. Todd**
                    JAMES D. TODD
                    UNITED STATES DISTRICT JUDGE